IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**ROGER WILLIAMS**                                                                                    **PLAINTIFF**
**ADC #077687**

v.                                      **CASE NO. 4:23-cv-622-JM**

**DEBRA BELL, Assistant Director,**
**Better Community Development**                                                **DEFENDANT**

## ORDER

On July 19, 2023, I granted Plaintiff Roger Williams's motion to proceed *in forma pauperis*, screened his complaint, and requested an amended complaint. (Doc. 3). Williams complied, and the amended complaint must be screened. (Doc. 4); 28 U.S.C. § 1915A.

Federal law requires courts to screen *in forma pauperis* complaints, 28 U.S.C. § 1915(e), and prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A. Claims that are legally frivolous or malicious; that fail to state a claim for relief; or that seek money from a defendant who is immune from paying damages should be dismissed before the defendants are served. 28 U.S.C. § 1915(e); 28 U.S.C. § 1915A. A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 570 (2007). However, a *pro se* plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir.2002) (citations omitted).

Williams explains that, on May 26, 2023, he was placed at Better Community Development Center (BCDC) by a separate day treatment center. (Doc. 4 at 1). Williams describes BCDC as "a drug treatment and housing facility for veterans and non-veterans." (*Id*. at 4). Williams sues BCDC's Assistant Director Debra Bell. At BCDC, Debra Baskin was appointed as Williams's case manager. (*Id*.). According to Williams, Baskin explained that it was her responsibility to ensure

that he saved 75% of his income. (*Id*.). As a result of this savings requirement, when Williams received a social security check on May 26, 2023, he opened a bank account and obtained money orders equal to 75% of the total check ($1155). (*Id*.). In Baskin's presence, Williams gave those money orders to Bell with the understanding that the money would be returned to him at the end of treatment. (*Id*. at 2). Williams repeated this process on receipt of a June 2, 2023 social security check and gave Bell $562.50, or 75% of $750.00. (*Id*.).

Williams reports that he graduated from BCDC's program on June 4, 2022, and asked Bell for his savings. (*Id*.). According to Williams, Bell returned three checks totaling $1189 rather than the $1717 he was expecting returned. (*Id*. at 2–3). When Williams demanded the remaining funds, Bell told him she could not find the cashier's checks. (*Id*.).

In order to state a claim for relief under § 1983, the complaint must allege that a person acting under the color of state law deprived the plaintiff of a constitutional or federally protected statutory right. *American Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 49-50 (1999). Williams has neither demonstrated that Bell is a state actor nor that his federal rights have been violated. Williams states that BCDC accepts veterans; however, that fact does not make BCDC, and more importantly, Bell, a state actor. Even assuming that Bell is a state actor, Williams's § 1983 claim fails because he has not demonstrated that he has suffered a constitutional violation. Although Williams alleges that Bell violated his fourth amendment right to be free from search and seizure, nothing in his pleadings supports this claim. Rather, it appears that Williams believes that Bell wrongfully retained a portion of his savings, which is a state law conversion claim.

"Conversion is a common-law tort action for the wrongful possession or disposition of another's property." *Hartness v. Nuckles*, 2015 Ark. 444, 9 (2015) (internal citations omitted). To state a conversion claim, a plaintiff must establish that "the defendant wrongfully committed a

distinct act of dominion over the property of another, which is a denial of or is inconsistent with the owner's rights." *Id*. Because Arkansas offers a meaningful post-deprivation remedy (a state law conversion action), Williams's § 1983 claim for the return of his money fails, and this Court declines to exercise supplemental jurisdiction over that claim. 28 U.S.C. § 1367. "'[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine . . . will point towards declining to exercise jurisdiction over the remaining state-law claims.'" *King v. City of Crestwood, Missouri*, 899 F.3d 643, 651 (8th Cir. 2018) (internal citation omitted). In sum, Williams's § 1983 is dismissed as he can bring his conversion claim in state court.

Williams's claim is dismissed without prejudice for failure to state a claim upon which relief may be granted. The Court recommends this dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g). This Court certifies that, pursuant to 28 U.S.C. § 1915(a)(3), an *in forma pauperis* appeal would not be taken in good faith.

IT IS SO ORDERED this 13th day of September, 2023.

_____
UNITED STATE DISTRICT JUDGE